## Bradley v. Lexington Tobacco Hogshead Company.

(Decided January 14, 1914.)

### Appeal from Fayette Circuit Court.

Contracts — Purchasers — Inspection—Acceptance—Defects—Where a purchaser after inspection, or opportunity for inspection, retains the goods purchased, he will generally be deemed to have accepted them under the terms of the contract; but where the defects in the goods can not be discovered until used in the usual course of business, the acceptance will not preclude the purchaser from thereafter relying upon the defects.

GEORGE B. KINKEAD for appellant.

GEORGE W. VAUGHN and CHARLES KERR for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

Appellant is a dealer in lumber products with headquarters at Morehead, Ky.; appellee is a manufacturer of tobacco hogsheads at Lexington, Kentucky.

In November, 1910, appellant sold and delivered to appellee a carload of hoops to be used in the manufacture of tobacco hogsheads, the bill amounting to $486.00. The sale was for cash, and appellant not having been paid, on December 13th, 1910, wrote a letter to appellee requesting payment; on the 23rd of December the company wrote him that they were sorry they were unable to meet his demand, and advised him that they would mail him a check within a few days. On the 6th of January, 1911, the company mailed him a check for $388.80, being 80 per cent of his bill, and stating therein that the hoops were of very inferior quality, and that more than twenty per cent of them were worthless. This check appellant declined to accept, and after returning the same to appellee, instituted this action for the full amount of his bill.

Appellee answered, pleading that the hoops were warranted by appellant to be first class in quality, and that in truth they were not first class, and that a large

number of them were unfitted for the purpose for which they were purchased; that relying upon the warranty of appellant it did not make any inspection of the hoops immediately upon their receipt, but proceeded to sell a large number of them to its customers in the original packages; that the packages in which the hoops had been shipped were so bound and packed that the good hoops were on the outside of each package, and that in the interior of each of the packages there were decayed and defective hoops and hoops too short for the purpose for which they had been purchased. The verdict in appellant's favor was for only $280.20, and he has appealed.

The warranty was denied by appellant as well as the defective quality of the hoops, it being the theory of appellant that the goods were sold in the ordinary course of trade and that appellee having accepted them after an opportunity for inspection, must pay the contract price, relying upon the general rule that where a vendee after inspection or opportunity for inspection, retains the goods he will be deemed to have accepted them under the terms of the contract. But, the pleading and evidence of appellee shows that many of the hoops were sold to its customers in the original packages, and that they were so packed that it could not discover before their sale to its customers their defective quality, and relies upon the exception to the rule stated in Wallace v. Knoxville Woolen Mills, 117 Ky., 450, that where the defects in goods purchased by manufacturers cannot be ascertained until used in the regular course of business, the acceptance does not preclude the purchaser from thereafter in an action for the purchase price asserting by way of counterclaim the defects. Clearly the case comes within the rule laid down in that case; the hoops were received as alleged and shown by the evidence in packages so packed and arranged that the inferior hoops could not be discovered until the packages were broken; many of the hoops were shipped to appellee's customers in the unbroken packages, and it received no notice of their defects until complaints of its customers came in; some of the hoops were used by appellee in manufacturing hogsheads for its customers, and their inferior quality was in many instances not discovered until complaints came from the persons to whom they sold the hogsheads.

There is no complaint of the instructions, and as the issues were fairly submitted to the jury, the judgment is affirmed.